UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUAN PABLO RENTERIA, JR., § § *Plaintiff,* § § v. § § CLASS GLOBAL LOGISTICS, LLC et al., § § *Defendants.* § | Civil Action No. 3:23-CV-2073-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Class Global Logistics, LLC and Michael Richardson's motion for summary judgment. (Doc. 15). Plaintiff Juan Pablo Renteria Jr. did not file a response, so the motion is unopposed. Having considered the motion, the underlying facts, and the applicable law, the Court **GRANTS** the motion. (Doc. 15). Accordingly, the Court enters judgment against Renteria on his direct negligence claims against Class Global, including the negligent entrustment and failure to train and supervise claims.

### I. Background

This is an alleged negligence case arising out of a motor vehicle collision. In June 2022, Richardson allegedly rear-ended Renteria's vehicle while he was stopped at a red light.[1] Class Global employed Richardson at the time of the incident, and Richardson stipulated that he acted "in the course and scope as a statutory employee

---

[1] Doc. 12 at 3.

1

of Defendant Classic Global Logistics, LLC at the time of the accident[.]"[2] Richardson had a valid commercial driver's license when Class Global hired him.[3] From 1996, when Richardson was first issued his commercial driver's license, to the time of the incident at issue here, Richardson had one vehicle accident and one moving violation.[4] Renteria filed this lawsuit asserting claims against Richardson for negligence and against Class Global for negligent entrustment and failure to train or supervise.[5] Renteria also seeks to hold Class Global liable under a respondeat superior theory.[6] Class Global and Richardson moved for summary judgment on the direct negligence claims against Class Global for negligent entrustment and failure to train and supervise. Renteria did not file a response to the motion. The motion is ripe for this Court's consideration.

## II. Legal Standard

Courts may grant summary judgment if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] A material fact is one "that might affect the outcome of the suit under the governing law."[8] And "[a] dispute is genuine if the evidence is such that a

---

[2] Doc. 14 at 2.

[3] Doc. 15-2.

[4] Doc. 15-3.

[5] Doc. 12 at 3–4.

[6] *Id.*

[7] FED. R. CIV. P. 56(a).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

reasonable jury could return a verdict for the nonmoving party."[9]  The party moving for summary judgment bears the initial burden of identifying the evidence "which it believes demonstrate[s] the absence of a genuine [dispute] of material fact."[10]

### III. Analysis

The direct negligence claims against Class Global here are barred by statute. Texas courts have routinely found that direct negligence claims and respondeat superior are mutually exclusive modes of recovery.[11]  And the Texas Legislature endorsed this rule, stating:

> an employer defendant's liability for damages caused by the ordinary negligence of a person operating the defendant's commercial motor vehicle shall be based only on respondeat superior if the defendant stipulates, within the time provided by Section 72.052 for filing a motion to bifurcate, that, at the time of the collision, the person operating the vehicle was: (1) the defendant's employee; and (2) acting within the scope of employment.[12]

This does not preclude "an ordinary negligence claim against an employer . . . that does not require a finding of negligence by an employee as a prerequisite to an employer defendant being found negligent[.]"[13]

Here, Richardson stipulated that he acted "in the course and scope as a statutory employee of Defendant Classic Global Logistics, LLC at the time of the

---

[9] *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (cleaned up).

[10] *Celotex Corp. v. Catrett*, 477 U.S. 318, 323 (1986); *see also* FED. R. CIV. P. 56(c)(1).

[11] *Graham v. Lewis*, No. 3:21-CV-1274-D, 2023 WL 138923, at *2 (N.D. Tex. Jan. 9, 2023) (Fitzwater, J.).

[12] TEX. CIV. PRAC. & REM. CODE § 72.054(a).

[13] *Id.* at § 72.054(f).

3

accident[.]"[14]  Accordingly, Class Global and Richardson moved for summary judgment on each of the direct negligence claims against Class Global: negligent entrustment and failure to train and supervise. The Court will consider each in turn.

### A. Negligent Entrustment

The elements of a negligent entrustment claim are: "(1) [the employer] entrusted the vehicle to [the employee]; (2) [the employee] was an unlicensed, incompetent, or reckless driver; (3) at the time of the entrustment, [the employer] knew or should have known that [the employee] was an unlicensed, incompetent, or reckless driver; (4) [the employee] was negligent on the occasion in question; and (5) [the employee's] negligence proximately caused the accident."[15]  Given that the employer defendant's liability is predicated on the employee's negligence, and Richardson stipulated that he acted in the course and scope of an employee for Class Global at the time of the incident, Renteria's negligent entrustment claim is barred by statute.

### B. Failure to Train and Supervise

The same is true of Renteria's negligent training and supervision claims. "Negligent hiring, training, supervision, and retention claims are simple negligence causes of action based on an employer's direct negligence rather than on vicarious liability."[16]  These type of direct negligence claims and Renteria's respondeat superior

---

[14] Doc. 14 at 2.

[15] *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007).

[16] *Hernandez v. Ventura Sys LLC*, No. 3:23-CV-2244-D, 2024 WL 583500, at *3 (N.D. Tex. Feb. 13, 2024) (Fitzwater, J.).

4

claim are mutually exclusive forms of recovery.[17] Because Richardson stipulated that he acted in the course and scope of an employee for Class Global at the time of the incident, Texas law precludes the negligent training and supervision claims as well. Therefore, Renteria shall proceed against Class Global only under a respondeat superior theory of liability here.

### IV. Conclusion

The Court **GRANTS** Class Global and Richardson's unopposed motion for summary judgment and enters judgment in their favor as to Renteria's negligent entrustment, negligent training, and negligent supervision claims against Class Global. (Doc. 15). This case will now proceed only as to Renteria's ordinary negligence claim against Richardson and his respondeat superior claim against Class Global.

**IT IS SO ORDERED** this 3rd day of July, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[17] *Werner Enterprises, Inc. v. Blake*, 672 S.W.3d 554, 587 (Tex. App.—Houston [14th Dist.] 2023, pet. filed).